# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CASTILLO, <br><br> Plaintiff, <br><br> v. <br><br> CONVERGENT OUTSOURCING, INC., <br><br> Defendant. | Case No. 3:17-cv-00919-WHO <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 20 |

## INTRODUCTION

Defendant Convergent Outsourcing, Inc. ("Convergent") moves for judgment on the pleadings in this action brought by Plaintiff Sergio Castillo. Convergent argues that Castillo has not met the injury in fact requirement for Article III standing under *Spokeo, Inc. v. Robins* because Castillo did not plead a concrete injury. Castillo responds that Convergent's statutory violation of the Fair Debt Collection Practices Act ("FDCPA") is sufficient to establish a concrete injury for the purposes of Article III standing. While there is disagreement on that issue, in his Opposition Castillo explains how the statutory violation causes a concrete injury, asserting facts that would appear indisputably to establish standing if added to the complaint. And, contrary to Convergent's argument, Castillo otherwise states a valid claim under the FDCPA. Accordingly, I will GRANT Convergent's motion to allow Castillo to allege the facts asserted in his Opposition so that this case can proceed in an efficient fashion.

## BACKGROUND

Convergent began debt collection activities on Castillo's T-Mobile USA account and reported the debt to a credit reporting agency. Compl. ¶ 7, 9, 11 (Dkt. No. 1). On August 1, 2016, Castillo sent a letter to Convergent disputing the debt. *Id.* at ¶12. On November 11, 2016,

1 Castillo reviewed his October 2016 credit report and noticed Convergent re-reported the debt

2 without listing the debt as "disputed by consumer." *Id.* at ¶ 13.

3 On March 23, 2017, Castillo filed his complaint for violations of the FDCPA , 15 U.S.C.

4 §§ 1692 *et seq.*, and the Rosenthal Fair Debt Collections Act ("Rosenthal Act"), Cal. Civ. Code §§

5 1788 *et. seq*. Dkt. No. 1. Convergent filed this motion for judgment on the pleadings on May 23,

6 2017, arguing that Castillo has not alleged a concrete injury sufficient to establish standing, and

7 fails to state claims under the FDCPA and Rosenthal Act Mot. for J. on Pleadings ("Mot.")(Dkt.

8 No. 20).

## LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) utilizes the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). Under both provisions, the court accepts the facts alleged in the complaint as true and must determine whether the facts entitle the plaintiff to a legal remedy. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted). Either motion may be granted only when it is clear that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citations omitted). Dismissal may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 534 (9th Cir. 1984).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the court must accept as true the well-pleaded facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

**DISCUSSION**

**I. INJURY IN FACT**

To have Article III standing, the plaintiff must allege facts that satisfy three elements: (i) the plaintiff suffered an injury in fact, (ii) that is fairly traceable to the challenged conduct of the defendant, and (iii) that is likely to be remedied by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The injury in fact requirement is the "first and foremost" of the three elements. *Id.* To constitute injury in fact, the plaintiff must demonstrate that the defendant infringed on the plaintiff's legally protected interest in a "concrete and particularized" manner that is "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A particularized injury affects the plaintiff in a personal and individual way, and a concrete injury "must actually exist." *Spokeo*, 136 S. Ct. at 1548. In the context of a statutory violation, a plaintiff does not satisfy the injury in fact requirement by alleging a "bare procedural violation, divorced from any concrete harm." *Id.* at 1549. "This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness." *Id.* When "determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Id.*

Convergent argues that Castillo did not satisfy the injury in fact requirement because the complaint does not demonstrate any concrete injuries suffered as a result of Covergent's alleged statutory violation. Mot. at 5. "In order to have Article III standing, as the Supreme Court's decision in *Spokeo* clarified, [a plaintiff] needs to do more than just point to a statutory violation, he needs to show an actual injury." *Tourgeman v. Collins Fin. Servs., Inc.*, 197 F. Supp. 3d 1205, 1208 (S.D. Cal. 2016). In the complaint, Castillo alleges statutory violations of the FDCPA and Rosenthal Act, and claims that he "has been damaged" as a result of those violations.[1] Compl. ¶

---

[1] Castillo lists several FDCPA provisions in his Complaint, but specifies in his opposition that Convergent violated 15 U.S.C. § 1692e(8) and Cal. Civ. Code § 1788.17. Oppo. at 1.

3

14. And in his opposition, he elaborates by indicating that his credit score lowered when Convergent failed to properly note the disputed nature of the debt when reporting it to the credit reporting agencies. Oppo. at 4 (Dkt. No. 23).

Castillo argues that a "risk of harm" is sufficient to establish a concrete injury, and supports his position with cases. Oppo. at 5–10; *see, e.g.*, *Gomez v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 79647, at *11 (N.D. Ill. June 20, 2016)(concluding, pre-*Spokeo*, that "[t]he Seventh Circuit has clearly indicated that a plaintiff has the option under the FDCPA to seek only statutory damages."); *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 630–33 (E.D. Va. June 30, 2016)(finding FCRA procedural violations sufficient to constitute concrete injuries); *Munoz v. Cal. Bus. Bureau, Inc.*, 2016 U.S. Dist. LEXIS 151495, at *13 (E.D. Cal. Nov. 1, 2016)("The goal of the FDCPA is to protect consumers from certain harmful practices; it logically follows that those practices would themselves constitute a concrete injury."); *Horowitz v. GC Services Limited Partnership*, 2016 U.S. Dist. LEXIS 172359, 2016 WL 7188238 at *15 (S.D.Cal. Dec. 12, 2016)(finding FDCPA procedural violations sufficient to constitute concrete injuries).

In the specific context of a claim for violation of § 1692e(8), Castillo relies on *Bowse v. Portfolio Recovery Associates, LLC,* Case No. 1:15-cv-4037, Dkt. No. 73 (N.D. Ill. Nov. 2, 2016) and *Evans v. Portfolio Recovery Associates, LLC¸* Case No. 1:15-cv-4498, Dkt. No. 64 (N.D. Ill. Nov. 20, 2016). Those courts found the concrete injury requirement satisfied because "the presence of inaccurate information on one's credit record poses a readily apparent risk of harm… ." *Evans*, Dkt. No. 64 at 7. Castillo acknowledges but "respectfully disagrees with" the decisions in *Higgens v. Trident Asset Mgmt., LLC*, No. 16-24035-CIV, 2017 WL 1230537 (S.D. Fla. Mar. 28, 2017) and *Coleman v. Charlottesville Bureau of Credits, Inc.*, Civil Action No. 3:17-cv-00147-HEH (E.D.Va. April 17, 2017). Those courts found a bare procedural violation of § 1692e(8) insufficient to establish a concrete injury because "the face of the complaint" failed to "indicat[e] that [plaintiff] actually suffered any harm as a result of [defendant's] alleged statutory violation." *Higgens*, 2017 WL 1230537, at *7.

Given that the contours of the *Spokeo* decision continue to be fleshed out in the lower courts, and that Castillo has asserted facts in his Opposition that appear to make the issue moot in this case, it makes sense for Castillo to amend to add those allegations to his complaint. *See Spokeo*, 136 S. Ct. at 1550; *Tourgeman*, 197 F. Supp. 3d at 1209 (listing potential scenarios of actual harm the plaintiff was at risk of facing and finding them sufficient for the purposes of Article III standing). Castillo's complaint is therefore dismissed with leave to amend.

## II. CASTILLO'S CLAIMS OTHERWISE ALLEGE A COGNIZABLE LEGAL THEORY

Because Castillo is likely to amend, it is worth noting that I do not think Convergent's argument has merit that Castillo's claims are "substantively flawed" because his allegations are based on conduct governed by the Fair Credit Reporting Act ("FCRA"), not the FDCPA, and there is no private right of action under FCRA. Mot. at 6–7; *see also* Reply at 6 (citing *Horvath v. Premium Collection Servs.*, 2010 WL 1945717 (D. Ariz. May 12, 2010)). *Horvath* did not address the specific FDCPA provision at issue here. *See Horvath*, 2010 WL 1945717, at *2 (finding plaintiffs' claims premised on sections 1692c and 1692g). Instead, Castillo's claim is based on section 1692e(8) of the FDCPA, and under section 1692e(8), a debt collector's conduct violates the FDCPA by "fail[ing] to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8); *see* Oppo. at 1; 10–13. To state a claim under the FDCPA, a plaintiff must allege: (i) he is a consumer as defined by section 1692a(3); (ii) the debt arises from a transaction for personal purposes; (iii) the defendant is a debt collector as defined by section 1692a(6); and (iv) the defendant violated an FDCPA provision. *See Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004). It appears that Castillo can properly state a claim under the FDCPA.

## CONCLUSION

For the foregoing reasons, Convergent's motion for judgment on the pleadings is treated as a motion to dismiss and is GRANTED. Castillo shall have leave to amend and may file his first

amended complaint, if any, within twenty days of the date of this order.

**IT IS SO ORDERED.**

Dated: July 7, 2017

William H. Orrick
United States District Judge